## Rash v. City of Madisonville.

(Decided May 2, 1912.)

### Appeal from Hopkins Circuit Court.

1. Municipal Corporations—Construction of Water Plant—Ordinance.—In an action to test the validity of proceedings authorizing and directing an issue of bonds for the construction of a water system, the record shows that in all essential particulars the ordinance met the requirements of the statute.

2. Constitutional Provision—Indebtedness of School Board—Not to be Treated as Part of Indebtedness of City.—It is complained that the indebtedness of the school board together with the amount of the proposed bond issue for the construction of the water plant would make the total indebtedness of the city exceed that authorized by the Constitution, but while the indebtedness of the school board must be finally met by a tax levied upon all the property in the city, its bonded indebtedness is a lien upon the school property alone, and in estimating the indebtedness of the city in order to determine whether a proposed bond issue would be within the constitutional limit, the bonded indebtedness of the school board is not to be treated as a part of the indebtedness of the city, and excluding this indebtedness appellee in issuing the proposed bonds is not acting in violation of section 158 of the Constitution.

W. C. HOPEWELL and C. J. WADDILL for appellant.

B. N. GORDON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On October 9th, 1911, the City Council of Madison-ville adopted the following ordinance:

"That the board of the city of Madisonville, Kentucky, deems it necessary that the city of Madisonville should incur an indebtedness, the payment of which can not be met without exceding the income and revenue provided for said city for this year. The amount of said indebtedness is to be not exceeding $75,000, and in no event to exceed (including all existing indebtedness) a greater sum than allowed by the Constitution and laws of Kentucky. The said indebtedness is to be created for the following purpose:

"The purchase of a site for procuring water, purchasing and procuring all material, property, labor and other things necessary for the construction, operation, management, maintaining and owning a system of water works for the city of Madisonville, Kentucky.

"Be it further ordained that, in order that the said city may immediately use the said sum of indebtedness provided for the purpose mentioned above, that the said city of Madisonville, Kentucky, be authorized and empowered to issue and sell bonds to the amount of indebtedness mentioned above bearing five per cent. interest per annum, payable semi-annually; the said bonds to be payable in twenty years with the privilege of redeeming any or all of same at any time after five years after the issue thereof.

"It is hereby ordered that an election be held in the city of Madisonville, Kentucky, on the first Tuesday after the first Monday in November, 1911, between the hours of six o'clock a. m. and four o'clock p. m. by the regular election officers that day, to determine whether or not the city of Madisonville shall incur the above mentioned indebtedness in excess of the income and revenue provided for this year, for the aforesaid purpose; and to further determine whether the city council shall be authorized and empowered to issue and sell bonds to the amount of the above mentioned indebtedness as herein set forth. At said election each qualified elector of said city shall be entitled to vote and two-thirds of all the voters voting at said election upon this proposition shall be necessary to incur said indebtedness and the issual of said bonds. If at said election the incurring of said indebtedness and the issual of said bonds are authorized, the city council of Madisonville, Kentucky, shall annually for a period of twenty years,

or, until all of said indebtedness is fully paid if paid within twenty years, levy and collect by taxation for the purpose of creating an interest and sinking fund for the payment of said indebtedness such sum as shall be necessary to create said interest and sinking fund, not to exceed, however, $7,500. Said tax shall be levied on all the personal and real property in said city subject to taxation, not to exceed, however, in any year fifty cents on each one hundred dollars worth of property, and in no event to be greater rate than, when added to all other taxes levied for said city for other than school purposes, shall equal seventy-five cents on each one hundred dollars of the value of the taxable property in said city.

"Notice of the holding of the election herein called to be held shall be published in the newspapers published and having a general circulation in Madisonville.

"It is further ordered, in order that the election provided for herein may be held, that Will T. Mills, Clerk of the Hopkins County Court, will procure and have printed ballots for use in the said election on the first Tuesday after the first Monday in November, 1911. The City of Madisonville will pay for said ballots. Said Mills will have printed upon said ballots the following question: Are you in favor of the city of Madisonville, Kentucky, incurring an indebtedness of not exceeding $75,000, and in no event to exceed (including all existing indebtedness of said city) a greater sum than is allowed by the Constitution and laws of Kentucky, for the purpose of procuring a site for procuring water, purchasing and providing all materials, property, labor and other things necessary for the acquiring, construction, operation, management and maintaining a system of water works for the city of Madisonville, Kentucky; and of said city issuing bonds for said indebtedness, which bonds shall bear interest at five per cent. per annum, payable semi-annually, and be due in twenty years, with the privilege to the city of redeeming any, or all, of said bonds after five years from the date of their issue; and of the city's levying and collecting an annual tax upon all real and personal property, subject to taxation within said city, sufficient to pay the interest on said indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within the period of twenty years; the sum to be raised each year is not to exceed $75,000 and the tax levied for said purpose, when added

to all other taxes for said city, for other than school purposes, shall not exceed the rate of seventy-five cents upon each one hundred dollars of the value of the taxable property in said city.

"After said question the clerk shall cause to be printed upon said ballots the words "Yes" and "No" and after each of said words a square."

This ordinance was duly signed by the mayor and attested by the city clerk, and published in the Daily Hustler, and also in the Semi-Weekly Hustler, two newspapers published and of general circulation in said city, for a period of more than two weeks next before the date provided for the holding of the election. In addiition to this printed copies were posted at three or more public places in the city for two weeks next before the date of the election. The city authorities likewise caused to be published in said papers, and posted in public places in said city, for two weeks prior to the date upon which the election was to be held, the following notice:

"Notice is hereby given that an election will be held in and for the city of Madisonville, Kentucky, on the general election day, on November 7, 1911, to determine whether or not the city of Madisonville shall incur an indebtedness of not exceeding $75,000, and in no event to exceed (including all existing indebtedness of said city) a greater sum than allowed by the Constitution and laws of Kentucky, which indebtedness shall be created for the purpose of purchasing a site for procuring water, purchasing and procuring all materials, property, labor and other things necessary for the construction, operation, management, maintaining and owning a system of water works for the said city. The amount necessary to be raised annually by taxation for creating an interest and sinking fund to retire said interest and principal of said indebtedness within a period of twenty years and in no event will exceed $75,000 per annum. If said indebtedness is authorized the bonds of the city will be issued, bearing five per cent. interest payable semi-annually and due in twenty years with the privilege to the city of redeeming and paying off any or all of said bonds at any time after five years from the date of their issue."

Pursuant to said ordinance and notice the election was held, and 911 legal voters of said city voted upon

this question, 755 voting in favor of the bond issue and 156 against it. The election commissioners for Hopkins county issued their certificate in accordance therewith and caused it to be entered in the record kept by them as election commissioners for Hopkins County. Thereafter the same was recorded in the record books kept by the city council of the city of Madisonville.

On the 16th of January the city council passed an ordinance authorizing and directing the issue and sale of said bonds. Notice of the passage of this ordinance was given by publication, as the law directs. Thereafter, and before said bonds could be issued or sold, George W. Rash, a citizen and taxpayer of said city, instituted this suit to test the validity of the entire proceeding.

The petition recites that the assessed valuation of property in said city for the year 1910 was $1,522,988; that on the date on which this suit was instituted the city had in its treasury $6,000, and no outstanding indebtedness, save such as was owing by the school board of the Madisonville graded common school district; that this common school district had a bonded indebtedness of $29,500; that it had $4,700 in its treasury, and this, together with the $6,000 cash in the city treasury, would reduce the said school bonded indebtedness to $18.800; and that the said city was without authority to issue the $75,000 worth of bonds proposed, because to do so would be to place upon the city an indebtedness in excess of the limit authorized or permitted by the Constitution; and he sought to have the city enjoined and restrained from issuing said bonds or entering into any contract for the construction of the water works system.

A general demurrer was sustained to this petition, and the plaintiff appeals and seeks a reversal upon three grounds. First, it is contended that the proposed issue is illegal because it would exceed the debt limit authorized by the Constitution; second, that the ballots, upon which the proposition as to whether or not the bonds should be issued was printed, were illegal because not uniform; and third, that the ordinance under which the vote upon the question of the bond issue was submitted to the people was void for uncertainty. These several questions may be taken up in their natural order.

Considering first the objection to the sufficiency of the ordinance, we find that it sets out at length the purposes for which the proposed indebtedness was to be

incurred, and the extent thereof, that is, the maximum indebtedness which it was proposed the city should incur. This was placed at $75,000. These provisions of the ordinance meet the requirements of the statute, as do the provisions of the ordinance providing for the levy of the annual tax for the payment of the interest on the bonds and their ultimate redemption. Under this ordinance the city was authorized to issue bonds to the extent of $75,000, provided such issue did not exceed the Constitutional limit; and the annual tax levied for the purpose of meeting the interest on same and providing a sinking fund for their ultimate redemption, was limited to fifty cents on each one hundred dollars worth of taxable property, provided such levy did not make the total annual levy on the taxable property in the city more than seventy-five cents (exclusive of taxes for school purposes) on the hundred dollars. We are of opinion that in all essential particulars the ordinance met the requirements of the statute.

The advertisement was ample. The ordinance itself was published, and, in addition thereto, notices, setting forth in general terms the scope and purpose of the ordinance, were published, not only in one paper, as the law directs, but in two. Publication was also made by posting these notices at public places in the city.

There is no merit in the objection that the ballots were not uniform. The question as to whether or not the people were in favor of the bond issue, to the extent and for the purposes defined in the ordinance, was printed upon the ballot, and the fact that, in the different wards and precincts the names of the respective candidates running for office in those precincts appeared upon the ballots, in no wise invalidated them.

We take it these objections were merely formal. The real ground relied upon for reversal is that the proposed bond issue would make the indebtedness of the city in excess of that authorized by the Constitution, for it is shown in the pleadings that Madisonville is a city of the fourth class, that the total assessed value of the property therein was $1,522,988, and that, under Sec. 158 of the Constitution, cities of the fourth class are prohibited from incurring an indebtedness for any purpose in excess of five per cent. of the assessed value of the property therein, estimated by the assessment made next before the date upon which the indebtedness is in-

curred. The city proper had no indebtedness of its own, but the school board for the Madisonville graded common school districts had theretofore incurred the indebtedness, as above stated, and if such indebtedness is to be treated as a part of the indebtedness of the city, the point that the proposed bond issue would make an indebtedness in excess of that authorized by the Constitution would be well taken.

In City of Newport, Kentucky, ex parte, 141 Ky., 329, this identical question was decided adversely to the contention of appellant. It was there held that, although the indebtedness of the Board of Education of the city must be finally met by a tax levied upon all the property in the city, its bonded indebtedness was a lien upon the school property alone, and that, in estimating the indebtedness of the city in order to determine whether a proposed bond issue would be within the Constitutional limit, the bonded indebtedness of the school board was not to be treated as a part of the indebtedness of the city.

Excluding then, the indebtedness of the Madisonville graded common school district from consideration, the city authorities, in issuing the bonds of the city to the amount proposed in the ordinance, were not acting in violation of Sec. 158 of the Constitution, and the Chancellor correctly so held. Judgment affirmed.